UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH BUSHNELL ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| NELSON HIRSCH & ASSOCIATES, INC. ) | UNLAWFUL DEBT COLLECTION |
| ) | PRACTICES |
| Defendant. ) | |

## COMPLAINT

COMES NOW KENNETH BUSHNELL ("Plaintiff"), through his attorneys, Elpers & Gonz, P.C., alleges the following against NELSON HIRSCH & ASSOCIATES, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's complaint is based on the Fair Debt Collection Practice Act, 15 U.S.C. et seq. (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogecs, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy".

4. Defendant conducts business in the State of Missouri, and therefore, personal

jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

## PARTIES

6. Plaintiff is a natural person residing in Arnold, Jefferson County, State of Missouri.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a National company located in Tyrone, Fayette County, State of Georgia.

10. Defendant in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

11. Defendant in the ordinary course of business uses telecommunications to call person out of State, namely the Plaintiff in Missouri in its efforts to collect debts.

## FACTUAL ALLEGATIONS

12. Defendant is collecting from Plaintiff on a Personal Pay Day Advance Account taken out in 2003 and a Pay Day Advance Account taken out in 2004; referring to Case Number 101778709, but stating no amounts owed thereon.

13. On or about April 11, 2011, Defendant began placing collection calls to Plaintiff's sister, Kathy Luedde, without consent of Plaintiff.

14. On or about April 11, 2011, Defendant's representative, Michelle Williams, herein referred to as Michelle, informed Plaintiff's sister that she was calling regarding a loan and to have Plaintiff or Plaintiff's lawyer call regarding Case Number 101778709.

15. On or about April 12, 2011, Plaintiff called the number of (678)593-2377, which was

different than the number shown on Plaintiff's Sister's caller I.D., and spoke to Michelle Williams.

16. At no time did Plaintiff consent for Defendant to communication in connection with the collection of the alleged debt owed by Plaintiff.

17. That the Statute of Limitations has ran regarding any alleged debt stemming from 2003 or 2004.

18. That the Defendant used false representation of the character amount, and legal status of the debt.

19. That at no time during the conversation with Plaintiff did the Defendant inform the Plaintiff of the amount of the debt.

20. That at no time during the conversation with Plaintiff did the Defendant inform the Plaintiff that unless he, within 30 days of receipt of the call, dispute the validity of the debt, or any portion thereof, the debt will be assumed valid by the Defendant.

21. That at no time during the conversation with Plaintiff did Defendant inform the Plaintiff that if the Plaintiff notifies the debt collection in writing within the 30 day period that the debt, or any portion thereof, is disputed, the Defendant will obtain verification of the debt or a copy of a Judgment against the Plaintiff, and a copy of such verification or Judgment will be mailed to the Plaintiff by the Defendant.

22. That at not time during the conversation with Plaintiff did Defendant inform the Plaintiff that upon the Plaintiff's written request within the thirty day period, the Defendant will provide the Plaintiff with the name and address of the original creditor if different from the current creditor.

**DEFENDANT'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

23. Defendant violated the FDCPA Based on the following

      a.      Defendant violated §1692b(2) by stating to a person, other than consumer, that Plaintiff owed a debt.

      b.      Defendant violated §1692(c)(b) by communication in connection with the collection of a debt, with a third party, not the consumer, without prior consent.

      c.      Defendant violated §1692(e) by using false, deceptive or misleading representation or means in connection with the collection of the debts, namely §1692(e)(2)(A) making a false representation of the legal status of the debts.

WHEREFORE, Plaintiff, Kenneth Bushness, respectfully requests Judgment be entered against Defendant, Nelson Hirsch & Associates, Inc., for the following:

A.      Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 USC 1692k.

B.      Cost and reasonable attorney fees pursuant to the Fair Debt Collection Practices Act, 15 USC 1692k.

C.      Any other relief that this Honorable Court deems just and appropriate.

Respectfully submitted

/s/ Jacquelyn S. Gonz
ELPERS & GONZ, P. C.
Jacquelyn S. Gonz, #40341, #40341MO
748 Center Drive
P.O. Box 404
Ste. Genevieve, Missouri 63670
gonz@ldd.net
(573) 883-5000 Fax: (573)883-3536
Attorney for Plaintiff